1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON,
TACOMA DIVISION

| | |
|---|---|
| DAVID VIERS, VICKI MARCH, individually and on behalf of all others similarly situated, THE WASHINGTON STATE COMMUNICATION ACCESS PROJECT, a Washington Corporation, the OREGON COMMUNICATION ACCESS PROJECT, an Oregon Corporation, and the ASSOCIATION OF LATE DEAFENED ADULTS, an Illinois Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CINETOPIA, LLC, a Washington Limited Liability Company,<br><br>Defendant. | NO. _____<br><br>**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE AMERICANS WITH DISABILITIES ACT** |

## I.      INTRODUCTION

Federal regulations implementing the Americans with Disabilities Act (ADA) require virtually all movie theaters to accommodate deaf and hard of hearing patrons by offering captions. Dialogue and other aural information are put into written form and displayed visually. The studios arrange the captions for almost all movies. The theaters must provide the means to display the captions. Because not every movie is distributed with captions, the regulations

CLASS ACTION COMPLAINT - 1

require all covered theaters to indicate in all of their advertising that captioning is available, and for which movie.

Cinetopia is a movie-theater group headquartered in Vancouver, Washington. It operates what it calls state-of-the-art multiplexes at four locations – two in Vancouver, one in Beaverton, Oregon, and one in Overland Park, Kansas. It does not provide captioning at any of those locations, nor does its website indicate that any captioning is available.

Plaintiffs are two individuals with significant hearing loss who need captioning to fully enjoy a movie, and three non-profit advocacy organizations to which they belong. Plaintiffs have made no fewer than seven pre-litigation efforts to contact Cinetopia to point out the violations and request that those matters be corrected. Cinetopia has to date not responded.

Based on the foregoing, plaintiffs request declaratory and injunctive relief requiring Cinetopia to comply with the pertinent regulations and make its services accessible to the individual plaintiffs, to members of the organizational plaintiffs, and to other similarly situated individuals. To that end, the complaint seeks certification of a class of individuals who need captioning to fully enjoy a movie. The complaint also seeks litigation expenses, including attorneys' fees, as provided by the Americans with Disabilities Act.

## II.    JURISDICTION AND VENUE

1.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because the claims are being made pursuant to a federal statute, the Americans with Disabilities Act (ADA), specifically under the provisions in Title III of that Act dealing with auxiliary aids and services, 42 U.S.C. § 12812(b)(2)(A)(iii), and the federal regulations specifically applying that provision to digital movie theaters, found at 28 C.F.R. § 36.303(g).

2.      This Court has personal jurisdiction over the defendant because the defendant is domiciled in Vancouver, Washington.

CLASS ACTION COMPLAINT - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

3.      Venue is proper in this district and division because defendant is domiciled in this district and division, and because some of the acts and omissions at issue in this litigation occurred here.

### III.     THE PARTIES

4.      Plaintiff  David Viers is a resident of Vancouver, Washington. He wears two cochlear implants, prosthetic devices that stimulate the auditory nerve and provide a sensation of hearing. When he removes the external processors, he is totally deaf. He regularly attends movies, and would attend movies at one or both of the Cinetopia multiplexes in Vancouver if Cinetopia offered captioning.

5.      Plaintiff Vicki March is a resident of Tigard, Oregon. She has a significant hearing loss and even with hearing aids needs captioning to fully enjoy a movie. She lives near Cinetopia's Beaverton multiplex, but, when she went to that location, she learned that Cinetopia did not offer captioning. Should it do so she will attend movies at that multiplex in the future.

6.      Organizational plaintiff Washington State Communication Access Project (Wash-CAP) is a non-profit Washington membership corporation comprised principally of people with significant hearing loss. Its mission is to expand access to public life for such people through education, persuasion, and, where necessary, litigation. Its president is Dean Olson of Edmonds, Washington. Plaintiff Viers is a member of Wash-CAP.

7.      Organizational plaintiff Oregon Communication Access Project (OR-CAP) is a sister organization to Wash-CAP, a non-profit Oregon membership corporation with membership and mission like that of Wash-CAP. Its president is Clark Anderson of Eugene, Oregon. Plaintiffs March and Viers are both members of OR-CAP.

8.      Organizational Plaintiff Association of Late Deafened Adults (ALDA) is a nationwide non-profit organization incorporated in Illinois. Part of its mission is advocating for the interests of its members and people similarly situated. Plaintiff March is a member of ALDA.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

9.      Defendant Cinetopia, LLC is a Washington State limited liability company headquartered in Vancouver, Washington. Its Chief Executive Officer and registered agent is Rudyard Coltman, whose last known home address is in Portland, Oregon.

### IV.   OPERATIVE FACTS

11.     Many movie theaters make their movies accessible to people with hearing losses through captioning. The spoken dialogue and other aural information, like "gunshot" or "spooky music," is put into visual form then displayed on individual viewing devices in sync with the pace of the movie. This display method is referred to as "closed captioning" because the captions are visible only to patrons who request viewing devices, as opposed to "open captioning," in which the captions are superimposed on the screen and are therefore visible to everyone in the auditorium.

12.     The movie captions are prepared in advance for the great majority of movies by entities that contract with the studios, and are furnished at no charge to the theaters as part of the digital data package that has replaced traditional film at the overwhelming majority of American theaters, including all theaters owned and operated by defendant Cinetopia. The captions are transmitted wirelessly to the individual viewing mechanisms, which the theaters provide.

13.     Two different types of display devices are in common use. One is glasses, manufactured by Sony which display the captions on the lens. Another type of device, often called CaptiView, is manufactured by Dolby and shows the captions on small shielded viewing screens roughly the size of a cell phone that are affixed to a flexible gooseneck with a heavy base that fits into the cup-holder, and can be adjusted to place the captions in the same line of sight as the movie screen.

14.     In December of 2016, after a multi-year notice-and-comment process, the federal Department of Justice, which has the authority to adopt regulations implementing the Americans with Disabilities Act, finalized a regulation, codified at 28 C.F.R. § 36.303(g), specifying what movie theaters must do to fulfill their statutory ADA obligations to people with

CLASS ACTION COMPLAINT - 4

hearing loss when they show movies distributed with captions. The regulation requires theaters that have converted to digital projection to either offer closed captioning for every movie with captions, or to offer open captioning either for every showing of every movie, or whenever a request is made prior to the start of the movie.

15.     All of Cinetopia's multiplexes use digital projection, and the overwhelming majority of movies that Cinetopia shows were distributed with captions.

16.     Because a few movies are not distributed with captions, the regulations further require movie theaters to specify, on a movie-by-movie basis, those movies for which captioning is available. That notification must be shown in all advertising, including websites and recorded telephone messages, and must be displayed at the box office. Cinetopia's website contains no statement or suggestion that captioning is available for any movie.

17.     Plaintiff Viers regularly attends movies in Vancouver and nearby communities. But because the Cinetopia multiplexes in Vancouver do not indicate that captioning is available, he is deterred from patronizing those theaters, which are convenient to his home.

18.     After the Cinetopia multiplex in Beaverton, Oregon opened plaintiff March went to the theater and asked if it offered closed-caption viewing devices. She was told the theater did not do so. In December of 2018, after becoming aware that the captioning regulations were in effect, Plaintiff March sent a letter to the Cinetopia multiplex in Beaverton again asking if it had captioning equipment. She received no response. With no assurance that captioning is available, Plaintiff March is deterred from patronizing the Cinetopia multiplex in Beaverton, which is near her home.

19.     ALDA is holding its 2019 international conference in Overton Park, Kansas. At past ALDA conferences, attending an accessible movie has been part of the scheduled or spontaneous activities. Due to the special features offered by Cinetopia, it is likely that some members would patronize the Cinetopia multiplex in Overton Park if the movies were captioned and accessible.

CLASS ACTION COMPLAINT - 5

20.     Following the failure of Cinetopia to respond to Plaintiff March's letter of December 1st, counsel sent a registered letter on January 4, 2019 to Rudyard Coltman, Cinetopia's CEO and registered agent, at the Vancouver address listed in the Washington Secretary of State's records as Cinetopia's address of record. That letter asked for a reply by Jan. 21. There was no response, nor was the "green card" acknowledging receipt returned.

21.     Concerned that the January 4th letter may have been lost in the mail, identical letters were again sent certified, return-receipt requested, to both the Cinetopia corporate headquarters in Beaverton and to the address of record listed in the Washington state records on February 28th, again pointing out the non-compliance and asking for a reply by March 20th. Although the Post Office tracking system indicates that the letter to the Beaverton office was delivered, no "green card" was returned for either letter, and again, there was no response.

22.     In a final attempt to open a dialogue prior to taking legal action, letters were sent on April 5th to the Beaverton and Vancouver corporate locations, and to Mr. Coltman's last-listed home address in Portland, Oregon. Printed on the outside of each envelope, in capital letters, was the statement, "final pre-litigation notice, do not ignore." The letter asked for a response by the close of business on April 22nd. No response has been received.

### III. CAUSE OF ACTION

**Violation of the Americans with Disabilities Act (ADA).**

23.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs as if fully set forth.

24.     Individual plaintiffs are both persons with a disability as defined in the ADA. Their deafness interferes with the major life activity of hearing, 42 U.S.C. § 12102(2)(A). Their status as people with disabilities entitled to the protections of the ADA must be measured without regards to the ameliorative effects of hearing aids or cochlear implants, 42 U.S.C. § 12102(4)(e)(i)(I).

25.     Most members of the organizational plaintiffs are also persons with hearing disabilities within the meaning of the ADA, or are the spouses or companions of such people.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

Because the interests of one or more of each organization's members are adversely affected by Cinetopia's failure to adhere to the requirements of the ADA and the implementing regulations, and because advocacy of this nature is part of the mission of each organization, the organizations have standing to bring this action in their own names.

26.     Cinetopia's movie theaters are "places of public accommodation" under the Title III of the ADA, 42 U.S.C. § 12181(7)(C) (definitions).

27.     Prohibited discrimination by a place of public accommodation under the ADA includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." 42 U.S.C. § 12182(b)(2)(A)(iii).

28.     The ADA defines "auxiliary aids and services" as "qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments," 42 U.S.C. § 12103(1)(A). Implementing regulations specify that open and closed captioning are auxiliary aids and services within the meaning of the ADA. 28 C.F.R. § 36.303(b)(1).

29.     To provide movie theaters with more precise guidance on exactly how the statutory "effective communication mandate"  applies to the specific situation of digital movies distributed with captions, the Department of Justice undertook a multi-year notice-and-comment process that culminated in 2016 with the final adoption of regulations that are codified at 28 C.F.R. § 36.303(g). The regulations specify that all theaters using digital projection must make captioning available for any movie distributed with captions. 28 C.F.R. § 36.303(g)(2). Cinetopia's locations are all "movie theaters" within the meaning of the regulation, all employ digital projection, and are thus all subject to the requirements of the regulations.

30.     Since not every movie is distributed with captions, the regulations require all digital theaters to specify, on a movie-by-movie basis, which movies have captions available.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

28 C.F.R. § 36.303(g)(8). That notification is required in all advertisements, including websites, telephone recordings, and at the box office.

31. Cinetopia does not indicate on its general website or on the websites of any of its four multiplexes that any captioning is available even though all or virtually all of the movies shown at those multiplexes are distributed with captions.

32. Because of the notice requirement, potential patrons, including the named plaintiffs, members of the organizational plaintiffs, and other people similarly situated, are entitled to and do in fact assume that when websites or other advertisements fail to affirmatively indicate that captioning is available, then in fact there is no available captioning, and they are thereby deterred from patronizing those theaters.

33. By failing to provide caption-viewing equipment, and by failing to provide movie-by-movie notice that captioning is available, Cinetopia is violating the ADA and its implementing regulations, and plaintiffs are entitled to relief as set forth in this complaint.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs repeat the allegations of Paragraphs 1-33 of the complaint, and incorporate them herein.

35. Plaintiffs bring this action pursuant to Rule 23(b)(3), Federal Rules of Civil Procedure. Plaintiffs ask the Court to certify a class described as follows:

> All individuals with hearing loss who require captioning to understand and fully enjoy movies, and who wish to attend a movie at one of Cinetopia's multiplexes but are either deterred from doing so by the absence of captioning or who do attend but cannot fully enjoy the event because they cannot fully understand the spoken and sung content of the presentation.

36. The requirements of Rule 23(b)(3) are met for the following reasons:

a. **Numerosity** – An individual's ability to comprehend speech depends on several variables, most notably the listening environment. A movie theater is a particularly

CLASS ACTION COMPLAINT - 8

1    challenging environment for a number of reasons. The listener may not be able to use common
2    mechanisms of supplementing auditory information, such as speech-reading, and obviously
3    cannot use other coping mechanisms such as the ability to ask the speaker to repeat or re-
4    phrase. Context often helps people understand speech by enabling them to anticipate what will
5    be said, but the essence of drama or especially comedy comes from the unexpected moment
6    where the context changes, and it is that critical content that people with hearing loss most
7    frequently miss.

8        According to the federal Center for Disease Control, some 15% of adult Americans
9    report having some difficulty hearing. http://www.cdc.gov/nchs/data/series/sr_10/sr10_260.pdf
10   (see p.13). While no precise numbers can be given, suffice it to say that a significant proportion
11   of the actual and potential Cinetopia patrons cannot understand dialogue and lyrics through
12   hearing alone. Moreover, there is simply no way to identify those individuals because any
13   available information would be protected by medical privacy rules.

14       b.    **Commonality and Typicality** – There are no questions of law or fact unique to
15   named individual or organizational plaintiffs. The undisputed fact is that Cinetopia does not
16   provide notice that captioning is available for any of its movies at any of its locations and is
17   likely not providing captioning of any sort either. Any available affirmative defenses apply
18   equally to named plaintiffs and to class members. Because plaintiffs seek only declaratory and
19   injunctive relief, and do not seek damages, there are no individual issues.

20       c.    **Fair and adequate representation** – There is no conflict between the demands
21   of the individual and the organizational plaintiffs, nor between those plaintiffs and other
22   potential patrons who might want captioning, nor does this demand conflict with the interests
23   of patrons who want aids and services other than captioning.

24       Undersigned pro hac vice counsel has had considerable experience in actions of this
25   nature.. He represented (Wash-CAP) in *Washington State Communication Access Project v.*
26   *Regal Cinemas et al.,* 290 P.3d 413, 173 Wn. App. 174 (Wash.App. 2013) and represented
27   ALDA in California litigation against Cinemark and a settlement with AMC.

CLASS ACTION COMPLAINT - 9

37.     A class action is superior to other available methods for adjudicating this controversy. Because we are asking certification for only those people who would benefit from captioning, and are neither asking Cinetopia to discontinue any other auxiliary aids and services it is presently providing nor attempting to preclude any aids and services Cinetopia may provide in the future, none of the class members have any interest in individually controlling the prosecution of any separate action. We do not anticipate any difficulties in managing the requested class.

## **PRAYER FOR RELIEF**

38.     Based on the facts stated herein and applicable law, plaintiffs are entitled to relief as follows pursuant to the provisions of 42 U.S.C. § 12188(a)(1), which incorporates the remedies of 42 U.S.C. §2000-a(3)(a):

a.      For a declaratory judgment stating that the ADA requires Cinetopia to provide captioning for all movies distributed with captions at its present and any future locations;

b.      For a declaratory judgment stating that the ADA requires Cinetopia to provide movie-by-movie notice that captioning is available in all of its advertising, including but not limited to its websites, its recorded telephone messages and at its box office;

c.      For an injunction ordering Cinetopia to provide captioning and a movie-by-movie notice of availability at its current and any future locations;

d.      For all costs of court and reasonable litigation expenses, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205;.

e.      For such other and further relief as may be appropriate.

DATED this 25 day of April, 2019.

CLASS ACTION COMPLAINT - 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1

LAW OFFICE OF JOHN F. WALDO

2

By: /s/ John F. Waldo

3
John F. Waldo, Texas Bar No. 20679900
(application for pro hac vice admission

4
forthcoming)

2108 McDuffie Street

5
Houston, TX 77019

Phone: 206-849-5009

6
johnfwaldo@hotmail.com

**Co-Counsel for Plaintiffs**

7

8

WASHINGTON CIVIL &

9
DISABILITY ADVOCATE

10

By: */s/ Conrad Reynoldson*

11
Conrad Reynoldson, WSBA No. 48187

4115 Roosevelt Way NE, Suite B

12
Seattle, Washington 98105

Phone: 206-876-8515

13
conrad@wacda.com

**Co-Counsel for Plaintiffs**

14

15

16

17

18

19

20

21

22

23

24

25

26

27