UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON,
TACOMA DIVISION

| | |
|---|---|
| VICKI MARCH, DAVID VIERS, individually and on behalf of all others similarly situated, THE WASHINGTON STATE COMMUNICATION ACCESS PROJECT, a Washington Corporation, the OREGON COMMUNICATION ACCESS PROJECT, an Oregon Corporation, and the ASSOCIATION OF LATE DEAFENED ADULTS, an Illinois Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> CINETOPIA, LLC, a Washington Limited Liability Company, <br><br> Defendant. | NO. 3:19-cv-05346-TLF <br><br> AGREED FINDINGS OF FACT, CONCLUSIONS OF LAW, ORDER AND JUDGMENT |

After reviewing the Complaint in this matter, the applicable law, and the actions Defendant

has taken with respect to the claims asserted in the Complaint, the parties agree that Defendant's

actions remedy the alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101

*et seq*. The Parties desire to avoid the risk, uncertainty, inconvenience and expense of litigation

and therefore request entry of the following Findings of Fact, Conclusions of Law and Final Order

and Judgment.

## I.  FINDINGS OF FACT

1.      Individual plaintiffs Vicki March and David Viers have significant hearing losses

and are unable to understand and fully enjoy a movie without captioning, in which dialogue and

other aural information is put into writing and displayed on individual viewing devices.

2.      Organizational plaintiffs Washington State Communication Access Project (Wash-

CAP), Oregon Communication Access Project (OR-CAP) and Association of Late Deafened

Adults (ALDA) are non-profit membership corporations comprised largely of people with significant hearing losses. The mission of all three organizations includes advocacy on behalf of their members and similarly situated individuals. March is a member of OR-CAP and ALDA, Viers is a member of Wash-CAP and OR-CAP.

3.      Defendant Cinetopia LLC is a Washington LLC headquartered in Vancouver, Washington. Cinetopia owns and operates four multi-screen movie complexes, two in Vancouver, Washington, one in Beaverton, Oregon and one in Overland Park, Kansas.

4.      Viers is a resident of Vancouver. He would have patronized the Cinetopia complexes in Vancouver in the past had he known that captioning was available, and will do so in the future so long as captioning continues to be provided. March is a resident of Tigard, Oregon, and the Cinetopia complex in Beaverton is the closest movie theater to her home. She would have patronized that complex in the past had she known captioning was available, and will do so in the future so long as captioning continues to be provided. ALDA is holding its annual conference in Overland Park, Kansas, in October 2019. In the past, ALDA attendees have patronized movie theaters in the host city during the conference, and may do so again in 2019 so long as the Overland Park complex continues to offer captioning.

5.      Captions are prepared at the direction of the studios for most but not all movies, and are distributed free of charge to theaters. The captions are transmitted wirelessly to individual viewing devices, and do not alter the movie-going experience for others. The theaters must install transmission equipment and purchase and maintain the viewing devices.

6.      Prior to the filing and service of this lawsuit, Cinetopia did have caption-viewing devices at all of their complexes. However, Cinetopia did not in its advertising indicate that captioning was available, nor for which movies.

7.      Shortly after the Vancouver and Beaverton complexes opened, Viers and March inquired about the availability of captioning, and were told that captioning was not provided at that time. Without any indication that captioning had become available, Viers and March were deterred from patronizing the Cinetopia complexes in Vancouver and Beaverton.

8.      Since receiving the Complaint, Cinetopia has begun indicating on the websites of each of its complexes that closed-captioning devices are available, and has begun in its online listings of movie times to indicate the movies with captions. It has also purchased additional caption-viewing devices, which has effectively remedied all of the alleged barriers in the Complaint.

## II.   CONCLUSIONS OF LAW

9.      Individual plaintiffs and many members of the organizational plaintiffs are people with disabilities within the meaning of the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12102(2)(A) because they are limited in the major life activity of hearing. They are therefore entitled to the benefits and protections of that law. The organizational plaintiffs have standing to represent the interests of their members, including the named plaintiffs, and have brought this action in the interest of its members by assuring places of public accommodation such as Cinetopia are accessible to and usable by the disabled.

10.     The ADA directs the Department of Justice (DOJ) to promulgate regulations to carry out the provisions of the Act, 42 U.S.C. § 12186(b). Pursuant to that delegation, DOJ has adopted regulations about movie captioning codified at 28 C.F.R. § 36.303(g). Those regulations apply to each of Cinetopia's movie complexes.

11.     The captioning regulation specifies the number of viewing devices each theater complex must possess, depending on the number of auditoriums in each complex. 28 C.F.R. §

36.303(g)(3). The regulation also specifies that **"**all notices of movie showings and times at the box office and other ticketing locations, on Web sites and mobile apps, in newspapers, and over the telephone, inform potential patrons of the movies or showings that are available with captioning," 28 C.F.R. § 36.303(g)(8). Cinetopia was not in compliance with the notice requirement at any of its complexes prior to the filing and serving of the Complaint, and was not in compliance with the device-number requirements at some or all of its complexes prior to receipt of the Complaint. It has since remedied those non-compliances.

12.     Because compliance requires continuing affirmative acts on the part of Cinetopia, including updating the information about which movies are captioned and properly maintaining the caption-viewing units, an injunction requiring Cinetopia to continue complying with all of the requirements of the captioning regulations is appropriate.

13.     Plaintiffs are the prevailing party in this action, and are therefore entitled to recover reasonable litigation expenses, including reasonable attorneys' fees. 42 U.S.C. § 12188(a)(1), incorporating 42 U.S.C. § 2000a-(3)(a) and (b).

### III. ORDER

14.     Based on the foregoing Agreed Findings of Fact and Conclusions of Law, the Court orders as follows:

a.      Cinetopia is permanently enjoined to comply with all provisions of 28 C.F.R. § 36.303(g) as they apply to movie captioning as those provisions now exist and as they may be amended from time to time;

b.      Plaintiffs are the prevailing parties in this action, and are entitled to recover all reasonable litigation expenses, including reasonable attorneys' fees. All parties have agreed to fees and costs.

SO ORDERED this _____ day of _____, 2019.


_____

Theresa L. Fricke

United States Magistrate Judge



Agreed to and entry requested:



*By:/s/ John F. Waldo*                              *By:/s/Conrad Reynoldson*
John F. Waldo, Texas Bar No. 20679900    Conrad Reynoldson, WSBA #48187
2108 McDuffie Street                            WASHINGTON CIVIL & DISABILITY
Houston, TX 77019                               ADVOCATE
Phone: 206-849-5009                            4115 Roosevelt Way NE, Suite B
Email:  johnfwaldo@hotmail.com          Seattle, WA 98105
*Attorney for Plaintiffs*                          Phone: 206-876-8515
                                                     Email:  conrad@wacda.com
                                                     *Attorney for Plaintiffs*


*By:/s/Goldie A. Davidoff*
Goldie A. Davidoff, WSBA #53387
GORDON REES SCULLY
MANSUKHANI, LLP
701 5th Ave., Suite 2100,
Seattle, WA 98104
Phone: 206-695-5100
Email:  gdavidoff@grsm.com
*Attorneys for Defendant*